MATTER OF WONG

In VISA PETITION Proceedings

A-12644189

*Decided by Board May 8, 1963*

(1) Acknowledgment by the natural father (domiciled in California) of a child born out of wedlock in China in 1946, without bringing the child into his family, is insufficient to effect legitimation under section 230 of the California Civil Code.

(2) Likewise, legitimation has not been effected under Article 1065 of the Civil Code of the Republic of China of 1931, since the earliest declaration of acknowledgement occurred in January 1961, more than 5 years after the birth of the child (Article 1067), and there is no evidence of support or maintenance of the child by the putative father prior to that date.

The case comes forward on appeal from the order of the District Director, San Francisco District, dated March 28, 1963, denying the visa petition for the reason that the beneficiary is the petitioner's illegitimate child and is not a "child" as defined in section 101(b)(1) of the Immigration and Nationality Act she has not been legitimated under section 230 of the Civil Code of the State of California in that the beneficiary has not been received into the petitioner's home in San Francisco, California or Hong Kong with the petitioner's legal wife, Chew Lim Wong.

The petitioner, a native of China, 43 years old, male, and a naturalized citizen of the United States, seeks nonquota status on behalf of the beneficiary a native and citizen of China, born April 26, 1946. The petitioner was married to Chew Lim Wong, who is presently residing in the United States and who is a naturalized citizen. The beneficiary is the illegitimate issue of the petitioner's relationship with one Kwok Kwai Fong, as is another child, Wong Sui Kuen, who was born in Hong Kong on September 23, 1961. In an affidavit dated June 5, 1962, the petitioner stated that he had been a resident in the State of California for more than 20 years past; that he has at all times treated the beneficiary as his legitimate daughter; that he has just returned from Hong Kong where he resided with the beneficiary as a family group. In the brief accompanying the appeal it is stated that the petitioner visited Hong Kong for the specific purpose of

288

visiting the beneficiary and his concubine from the latter part of 1960 to the early part of 1961.

The petitioner's wife, Chew Lim Wong, executed an affidavit on June 5, 1962, in which she states that she is the petitioner's wife; that she and her husband, the petitioner, have consistently, from the time of birth of the beneficiary, acknowledged the beneficiary as the true and lawful daughter of the petitioner; that the said beneficiary has been received into their family; that the said beneficiary is presently residing in Hong Kong; that the husband resided with the beneficiary in Hong Kong recently for a period of approximately six months; and that the beneficiary is and has been treated by the affiant and her husband as the legitimated child of the affiant's husband. The mother of the beneficiary executed a statutory declaration on January 6, 1961, that the beneficiary is the natural daughter of the petitioner and that he is now responsible for her custody, maintenance and support.

The petitioner, through counsel, seeks nonquota status on behalf of the beneficiary as his legitimated child either under Article 1065 of the Civil Code of the Republic of China of 1931 or under section 230 of the Civil Code of the State of California. Article 1065 of the Chinese Civil Code provides that a child born out of wedlock who has been acknowledged by the natural father is deemed to be legitimate; where he has been maintained by the natural father, acknowledgement is deemed to have been established. Article 1067 of the Chinese Civil Code provides that a mother or other statutory agent of a child born out of wedlock may claim acknowledgement from his natural father in certain cases, including where there is the fact that the natural father and mother cohabited during the period of conception and where paternity can be proven from documents by the natural father but states that the right of claim provided in this paragraph is extinguished if not exercised within five years from the time of the birth of the child. The child in the present case was born April 26, 1946, but the earliest declaration of acknowledgement by the putative father is dated January 6, 1961. There is no evidence of support or maintenance of the child prior thereto. The burden is upon the petitioner to establish the claimed relationship and upon the record he has failed to do so.

Legitimation is also claimed under section 230 of the California Civil Code which provides for the legitimation of an illegitimate child by a statute entitled "Adoption of an Illegitimate Child," which has been construed as a statute of legitimation. This section provides that the father of an illegitimate child, by publicly acknowledging it as his son, receiving it as such with the consent of his wife, if he is married, into his family adopts as such; such child is thereupon deemed for all purposes legitimate from the time of its birth. The California courts

289

have held that there are four essential elements needed to accomplish legitimation under section 230: (1) that the man shall be the child's natural father; (2) that the man shall have publicly acknowledged himself to be the child's father; (3) that the man shall have received the child into his family; and (4) that the man shall have otherwise treated the child as his legitimate child.[1]

It has been held that acknowledgment without bringing the child into the family is not sufficient for legitimation. The evidence in the instant case establishes that the domicile of the father is and has been the State of California. The father's home is in that state and there is no evidence that the daughter has been received into the home in California. At most there is merely an offer to receive the beneficiary into the petitioner's family. This is not sufficient compliance with the statute.[2] It is concluded that the evidence fails to establish that the beneficiary has been legitimated under section 230 of the California Civil Code. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[1] *Estate of Gird*, 157 Cal. 542; *Estate of Jones*, 166 Cal. 108; *Baird's Estate*, 182 Cal. 338; *Estate of Flood*, 217 Cal. 763; *Wong* v. *Wonghingyong*, 80 Cal. App. 2d 453.

[2] *Louie Wah You* v. *Nagle*, 27 F. 2d 573 (9th Cir. 1928); *Gormer* v. *Judd*, 6 Cal. Unreported Cases 675, 64 P. 1076.